# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DELORSE COLE-STEWART,**

        Plaintiff,

        -vs-        Case No. 11-C-1138

**DEBORAH LINDSEY and**
**WILLIAM G. ANDREKOPOULOS,**

        Defendants.

## DECISION AND ORDER

Delorse Cole-Stewart, formerly employed by the Milwaukee Board of School Directors, alleges that she was demoted and retaliated against for speaking out on issues concerning the Milwaukee Public School District. The defendants—William G. Andrekopolous, the Superintendent of Milwaukee Public Schools, and Deborah Lindsey, the Director of Assessment and Accountability—move for summary judgment on the grounds that Cole-Stewart spoke pursuant to her official duties, rendering her speech unprotected by the First Amendment. For the reasons that follow, the defendants' motion is granted.

**I.**

Cole-Stewart was employed by the Milwaukee Public Schools from June 1998 until she retired on June 30, 2009. Cole-Stewart was a reading specialist at North Division High School from 1998 to 2001. From 2001 to 2006, she was a K-12 Literacy Specialist assigned to the Division of Teaching and Learning at the MPS central administrative offices. In the summer of 2006, she was promoted to the position of District Curriculum Generalist. She

was in the position for two months before being promoted to Acting Literacy Coordinator, a position also known as the Reading Curriculum Specialist. In 2007, the formal position was re-titled as K-12 Curriculum Literacy Specialist/Reading Emphasis. Plaintiff was formally promoted to that position effective March 30, 2007.

As a Reading Curriculum Specialist, Cole-Stewart was responsible for "ensuring that the Milwaukee School District had in place a plan and design of academic standards and oversight mechanism that would align with Wisconsin academic standards and research proven instructional strategies." The job's basic functions are to plan, organize, develop, and coordinate implementation of system-wide teaching and learning goals for comprehensive literacy with emphasis on reading. Cole-Stewart's position was particularly important because of the "achievement gap in literacy," which Superintendent Andrekopoulos acknowledged was "terrible." Her duties of conducting periodic assessments of the effectiveness of curriculum programs included assessments that were directed to address the achievement gap.

From August 2008 until she retired on June 30, 2009, Cole-Stewart was a District Curriculum Generalist assigned to Roosevelt School. In this position, Cole-Stewart's primary responsibilities included "assisting the school administrator and teachers in implementing the educational plan identified to bring about significant and targeted student achievement gains" and "work[ing] with the school administrator and teachers in providing resources, modeling and evaluating effective teaching strategies needed to increase student achievement."

-2-

Case 2:11-cv-01138-RTR   Filed 02/14/13   Page 2 of 6   Document 33

**II.**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The plain language of the rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must accept as true the evidence of the nonmovant and draw all justifiable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate only if, on the record as a whole, a rational trier of fact could not find for the non-moving party. *Rogers v. City of Chi.*, 320 F.3d 748, 752 (7th Cir. 2003).

When public employees "make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). Thus, *Garcetti* requires a "threshold determination regarding whether the public employee spoke in his capacity as a private citizen or as an employee." *Chaklos v. Stevens*, 560 F.3d 705, 711-12 (7th Cir. 2009). When determining whether a plaintiff spoke as an employee or as a citizen, courts take a practical view of the facts, looking to the employee's level of responsibility and the context in which the statements were made.

*Abcarian v. McDonald*, 617 F.3d 931, 937 (7th Cir. 2010) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1092 (7th Cir. 2008)).

Cole-Stewart alleges that she questioned and criticized the school's administration on the following topics. All of these statements were made at various internal meetings with other MPS administrative staff, during work hours, at MPS premises.

- Poor alignment of daily instructions with Wisconsin academic standards and research – proven instructional strategies.

- Ineffective infrastructure to support a reliable district-wide literacy framework.

- Lack of accountability from the district level of leadership to classroom instruction.

- The serious achievement gap between minority students and white students.

- The report card recording system failed to support closing the achievement gap and impacted on the students' ability to be prepared for college.

- Apparent indifference toward students of color because white students fared much better in grades, test scores and overall school support.

- Employees were not held accountable for effectively implementing classroom instruction that would ensure academic success for all students within the Milwaukee School District.

Cole-Stewart's job was to address student achievement in reading literacy. All of the foregoing topics are either directly or indirectly related to student achievement. Cole-Stewart argues that she was hired to advocate reading, not to be critical of infrastructure or the waste of taxpayer funds. These concepts are not mutually exclusive. Cole-Stewart questioned the allocation of resources *in the context of advocating for reading*. Thus, her speech was made

pursuant to her official duties. Cole-Stewart's supervisor, Kathy Williams, explained as follows: Cole-Stewart was expected to point out avenues in which the District's infrastructure would be more effective with reading instruction; "fiscal responsibility was one of the capacity builders that all administrators were supposed to strive for and toward;" fiscal problems related to the implementation of reading and reading instruction or anything related to reading would be something that plaintiff was expected to point out; "being critical might not have been the effective way to do it at that point in time" but pointing out that subject matter was part of her duties; and Cole-Stewart "wasn't hired to be critical of waste in management, but she was hired to put forward reading and advocate for reading and in [Ms. Williams'] view, that's a wide berth." ECF No. 31, Defendants' Response to Plaintiff's Proposed Findings of Fact, ¶ 25. Cole-Stewart's focus on "core job functions" is "too narrow" in the wake of *Garcetti*. *Spiegla v. Hull*, 481 F.3d 961, 966 (7th Cir. 2007); *see also Vose v. Kliment*, 506 F.3d 565, 570-71 (7th Cir. 2007) (Supervisor of narcotics unit "may have gone above and beyond his routine duties by investigating and reporting suspected misconduct in another police unit, but that does not mean that he spoke as a citizen and not as a public employee. . . . Because Vose was responsible for the operations of the narcotics unit, his speech regarding alleged misconduct that may affect his unit was made pursuant to his official responsibilities, and not as a private citizen, despite not having explicit responsibility for the detectives involved or the search warrants at issue").

-5-

**III.**

Defendants' motion for summary judgment [ECF No. 20] is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2013.

                                         **BY THE COURT:**

                                         _____
                                         **HON. RUDOLPH T. RANDA**
                                         **U.S. District Judge**

-6-

Case 2:11-cv-01138-RTR Filed 02/14/13 Page 6 of 6 Document 33